UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Cristovao Lumano

       v.                                               Civil No. 1:25-cv-538-SE-AJ

FCI Berlin, Regional Director, et al.

O R D E R


Cristovao Lumano filed a petition for a writ of habeas corpus on December 16, 2025, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. The court thereafter ordered the respondents to show cause on or before January 7, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 25-cv-374, Dkt. No. 9 (D.N.H. Dec. 24, 2025). See doc. no. 4.

The respondents had previously filed a response to the petition on December 23, 2025, in which they argued, in part, that the court need not reach the issue of the petitioner's membership in the Guerrero Orellana class because the facts and issues in this case substantially overlap with those in Alvarez Caizan v. Ackley, No. 25-cv-382-SE-TSM, Dkt. No. 14 (D.N.H. November 21, 2025), and the court could offer relief consistent with its opinion in that case. See doc. no. 3. The respondents then filed their response to the order to show cause on January 2, 2026, wherein they incorporated by reference their earlier response to the petition. See doc. no. 6. Neither response

addresses substantively the petitioner's membership in the <u>Guerrero Orellana</u> class or distinguishes this case from <u>Destino</u>. Consequently, the respondents have failed to show cause why the court should not order them to afford a bond hearing. To the extent that the respondents' filings ask this court to agree that certain issues have been preserved for appeal, the court declines to do so and leaves those decisions for the appellate court. Because the court is bound by the class-wide relief issued in <u>Guerrero Orellana</u> and because the reasoning in <u>Destino</u> applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable. If the government fails to comply, the court will grant the writ and set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The respondents shall file a status report within 7 days.

     SO ORDERED.

Samantha D. Elliott
United States District Judge

January 6, 2026

cc:    Counsel of record.